ORIGINAL

THE LAW OFFICES OF MARK S. SMITH
456 West O'Brien Drive, Suite 102-D
Hagatna, Guam 96910
Telephone: (671) 477-6631/32
Facsimile: (671) 477-8831

Attorney for Plaintiff,
*Takai's Enterprise*

FILED
DISTRICT COURT OF GUAM
MAY 22 2003
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# FOR THE
# TERRITORY OF GUAM

| | |
|---|---|
| TAKAI'S ENTERPRISE, | CIVIL CASE NO: |
| Plaintiff, | **03-00015** |
| vs. | **COMPLAINT** |
| CITIBANK, N.A. (GUAM) and DOES 1-10, inclusive, | |
| Defendants. | |

## JURISDICTION AND PARTIES

1.  This action is brought pursuant to the Expedited Funds Availability Act 12 U.S.C.A. § 400 et seq. and for certain common law claims pursuant to the Court's supplemental jurisdiction.

2.  The subject matter jurisdiction of the Court over this action is based upon 12 U.S.C.A. § 4007(b) of the Expedited Funds Availability Act, (hereinafter, "EFAA") and 28 U.S.C.A. § 1331.

3.  Personal jurisdiction and venue over this action lies within the District of the Territory of Guam ("this District") pursuant to, inter alia, 12 U.S.C.A. § 4002 and § 4010 and 28 U.S.C.A. § 1391(b) because (i) some or all of the Defendants reside, are found, have an agent, or transact their

MSS:Civil/Takai/dep
Complaint

affairs in this District and/or (ii) a substantial part of the event or omissions giving rise to Plaintiff's claims occurred, and a substantial part of property that is the subject of the action is situated, in this District.

4. Upon information and belief, Defendant Citibank N.A. (Guam) (hereinafter, "Defendant") is a locally licensed banking institution with its principal place of business in Guam.

5. Plaintiffs are informed and believe and thereupon allege, that at all times mentioned herein, that each of said defendants, including the DOES defendants are jointly and severally liable as a principal, officer, agent, master, servant, employer, employee and partner of each of the remaining defendants and in doing the acts complained of herein, acting within the scope of his, her or its said agency, employment or partnership. Furthermore, each defendant is responsible for the acts of the other defendants and its employees under the theory of respondent superior.

6. Defendants are sued herein as DOES defendants because their identities are not yet known. If and when such identities become known, Plaintiffs will name any such Defendants in the place and stead of DOES defendants.

## FACTUAL ALLEGATIONS

7. On July 17, 2002, Mr. Koichi Takai, President of Takai's Enterprise, opened a checking account in the name of Takai's Enterprise with Defendant at its Hagatna branch.

8. The description of the type of business and requirements necessary to serve Takai's Enterprise was explained to Naomi, Defendant's employee. Mr. Takai then informed her that he would be involved in the business of shipping merchandise and would receive a wire transfer of money through his account within a few days.

9. On July 24, 2002, the wire transfer from JAC Holdings Company Ltd. in the total amount of Two Hundred Nine Thousand Eight Hundred Dollars in United States currency ($209,800.00 U.S.) was sent to Takai's Enterprise CitiBank checking account #840-000-0000-000129429.

10. Shortly thereafter, on July 25, 2002, upon information and belief, Plaintiff's account with Defendant was credited the Two Hundred Nine Thousand Eight Hundred Dollars ($209,800.00 U.S.).

11. Applications were made by Mr. Takai for telegraphic funds transfer from Defendant to Takai's Enterprise off-island vendors. The telegraphic funds transfer was applied for the following vendors: Danny First, Merchandising Solutions, LLC, and Matt Matsuya/LAX Air Express Services.

12. The following amount of money was applied for through wire transfer for each vendor Forty Seven Thousand Nine Hundred Thirty-three Dollars ($47,933.00 U.S.), Four Thousand Twenty-eight Dollars and 70/100 ($4,028.70 U.S.), and Nine Thousand Dollars ($9,000.00 U.S.), respectively.

13. Upon information and belief, Defendant's employees represented that Mr. Takai's application for telegraphic funds transfer, completed on behalf of Takai's Enterprise, would be processed and the relevant vendors paid. Based on Defendant's representations, Mr. Takai believed the wire transfers were approved and would be completed within the next business day.

MSS:Civil/Takai/dep
Complaint

14. On July 29, 2002, Takai's Enterprise business vendors contacted Mr. Takai notifying him that the wire transfer was never received. In response, Mr. Takai informed his vendors that he would follow-up with Defendant.

15. On July 30, 2002, Mr. Takai spoke to Defendant's employee, Edna, inquiring about the status of the telegraphic funds transfer. After meeting various people and spending a considerable amount of time at Defendant's Hagatna branch, Mr. Takai was informed by Florence, Defendant's employee, that the wire transfers applied for were never processed.

16. Mr. Takai questioned why Defendant did not process said wire transfers and Defendant's employees' provided no adequate explanation for their failure. Moreover, Mr. Takai was informed that he was not allowed to make a wire transfer thereafter.

17. To avoid any further delay and damage to Takai's Enterprise, Mr. Takai requested to withdrawal Nine Thousand Dollars ($9,000.00 U.S.) for payment of the freight to Matt Matsuya/LAX Air Express Service. Upon Mr. Takai's request to withdraw Nine Thousand dollars ($9,000.00 U.S.) from Takai's Enterprise CitiBank account number 840-000-0000-000129429, Florence told him, "No, you are not allowed to make a withdrawal".

18. Upon information and belief, Mr. Takai begged and pleaded with Defendant's employees' to make the withdrawal, however, it was not made. At this time, Mr. Takai observed Defendant's employees were consulting Patrick Kehres, CitiBank Manager, and upon their return rejected his request to make a withdrawal.

MSS:Civil/Takai/dep
Complaint

19. In order to further mitigate the potential damage the refusal to process said wire transfer would cause, Mr. Takai requested Defendant to prepare a letter explaining the delay in payment to vendors, however, Defendant refused to honor Mr. Takai's request causing further damage to Takai's Enterprise business reputation and credibility.

20. On the same day, after further discussions and negotiations with Defendant proved unsuccessful, Mr. Takai was instructed that the only option for obtaining Takai's Enterprise money on deposit with Defendant was to close the checking account at Defendant's Hagatna branch.

21. Upon the closing of said account with Defendant, Defendant finally released Takai's Enterprise money and thereafter deposited with Citizens Security Bank. Mr. Takai's request for wire transfer was immediately processed by Citizen's Security Bank with no further delays.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE EXPEDITED FUNDS AVAILABILITY ACT

## 12 U.S.C.A. § 4002(a)(l)(B) AND 12 C.F.R. § 229.10(b)(1) and (2).

22. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 21 as if fully stated herein.

23. Defendant is a "depository institution" as that term is defined in 12 U.S.C.A. § 4001(12) and as a "bank" defined by 12 C.F.R. § 229.2(e)(l).

24. Plaintiff applied for and obtained from Defendant the use of an "account" as defined in 12 U.S.C.A. § 4001(1) and 12 C.F.R. § 229.2(a).

25. For purposes of this claim, "wire transfer" is deemed to be an electronic payment pursuant to the terms of 12 U.S.C.A. § 4001(25) and 12 C.F.R. § 229.2(ll).

MSS:Civil/Takai/dep
Complaint

26. On or about July 24, 2002, Defendant received funds through wire transfer from JAC Holdings Company as defined in 12 U.S.C.A. § 4001(25) and 12 C.F.R. § 229.2(ll) which was subsequently deposited to Plaintiff's account with Citibank at Checking Account No. 840-000-0000-000-129429.

27. These transferred funds should have been available for withdrawal by Plaintiff not later than the business day after the business day on which such cash is deposited or such funds received for deposit as defined by 12 U.S.C.A. § 4002(a)(l)(B).

28. For purposes of this complaint, July 24, 2002 and July 25, 2002 qualify as both "banking day" and "business day" as defined in 12 C.F.R. § 229.2(f) and (g), respectively. It also qualifies as a "business day" as defined in 12 U.S.C.A. § 4001(3).

29. For purposes of this claim, July 25, 2002 is the "business day" after the July 24, 2002 "banking day" in which Defendant received the wire transfer from JAC Holdings Company.

30. For purposes of this claim, Defendant received this wire transfer payment in actually and finally collected funds and received information on the account and amount to be credited on July 24, 2002 as defined by 12 C.F.R. § 229.10(b)(1) and 12 C.F.R. § 229.10(b)(2).

31. For purposes of this claim, the safeguard exceptions as provided in 12 C.F.R. § 4003 (a)(l)(B) affecting "New Accounts" still requires the next business day availability of Plaintiff's funds on deposit with Defendant.

32. Plaintiff has been injured in its business and property by reason of Defendant's violation of 12 U.S.C.A. § 4002(a)(l)(B) and 12 C.F.R.§ 229.10(b)(l) and (2).

MSS:Civil/Takai/dep
Complaint

33. As a direct and proximate result of the Defendant's violations of 12 U.S.C.A. § 4002(a)(l)(B) and 12 C.F.R. § 229.10(b)(1) and (2), Plaintiff has been injured in its business and property and has suffered damages in an amount to be determined at trial.

34. Pursuant to 12 U.S.C.A. § 4010(a)(1) and (2)(A), Plaintiff is entitled to recover actual damages sustained by Defendant as a result of its failure, and costs and attorney's fees and such additional amount as the court may allow.

## SECOND CLAIM FOR RELIEF

## DEFENDANT'S FAILURE TO TIMELY PROCESS TELEGRAPHIC FUNDS TRANSFER APPLICATION IS NEGLIGENCE PER SE

35. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 34, as if fully stated herein.

36. For purposes of this claim, Defendant had a duty to timely process the telegraphic funds transfer application of its client Takai's Enterprise.

37. On July 25, 2002, Plaintiff requested Defendant to process telegraphic funds transfer for three vendors: Danny First in the amount of $47,933.00 (U.S.), Merchandising Solutions, LLC in the amount of $4,028.70 (U.S.) and Matt Matsuta/LAX Air Express Services in the amount of $9,000.00 (U.S.).

38. Plaintiff discovered that Defendant breached its duty because its employees never processed Plaintiff's application when applied for on July 25, 2002 nor did it process it by July 30, 2002 the day Plaintiff had discovered Defendant's failure to process said transfers.

MSS:Civil/Takai/dep
Complaint

39. As a direct and proximate result of Defendant's breach of duty, Plaintiff has been injured in its business and property and has suffered damages as a result in an amount to be determined at trial.

40. Plaintiff is entitled to recover actual and consequential damages and punitive damages, costs and attorney's fees.

## THIRD CLAIM FOR RELIEF

## DEFENDANT'S FAILURE TO PROCESS THE WIRE TRANSFER IN A TIMELY FASHION IS A BREACH OF CONTRACT ARISING FROM DEFENDANT'S FAILURE TO ACT IN GOOD FAITH AND FAIR DEALING

41. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 40, as if fully stated herein.

42. For purposes of this claim, Plaintiff and Defendant entered into a contract for banking services.

43. Pursuant to the terms of the contract and implicitly stated, Defendant is required to act in good faith with respect to its duties pursuant to the terms of its contract.

44. Defendant failed to act in good faith and fair dealing by failing to give notice to Plaintiff that its action of failing to timely process its requested wire transfers was likely to adversely affect Plaintiff. Moreover, Defendant failed to notify Plaintiff of its failure when inquired by Plaintiff.

45. As a direct and proximate result of the Defendant's failure to act in good faith and fair dealing, Plaintiff has been injured in its business and property and has suffered damages in an amount to be determined at trial.

MSS:Civil/Takai/dep
Complaint

46. Pursuant to the terms of the contract entered into between Plaintiff and Defendant, Plaintiff is entitled to recover actual and consequential damages, cost and attorney's fees.

### FOURTH CLAIM FOR RELIEF

### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 46, as if fully stated herein.

48. For purpose of this claim, Defendant's conduct was extreme and outrageous and intended or done in reckless disregard of the probability of severe emotional distress to Plaintiff in the conduct of its business, Takai's Enterprise.

49. Plaintiff suffered severe emotional distress which will be proven at trial.

50. Plaintiff's severe emotional distress was caused by Defendant's conduct and Defendant's conduct was not privileged.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has been injured in its business and property and has suffered damages in an amount to be determined at trial.

52. Plaintiff is entitled to recover actual and consequential damages and punitive damages, costs and attorney's fees.

MSS:Civil/Takai/dep
Complaint

## FIFTH CLAIM FOR RELIEF

## DEFENDANT'S FAILURE TO PROCESS THE TELEGRAPHIC FUNDS TRANSFER IN A TIMELY FASHION AND TO NOTIFY PLAINTIFF OF ITS DELAY IS A NEGLIGENT MISREPRESENTATION

53. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 52, as if fully stated herein.

54. For purposes of this claim, Defendant's employees failed to exercise reasonable care in the communication of statements to Plaintiff with respect to Plaintiff's application and processing and approval of said telegraphic funds transfers.

55. Upon information and belief, and at all times alleged, Defendant's employees made negligent misrepresentations in the course of their business, profession, or employment.

56. Upon information and belief, Defendant's employees' misrepresentations were relied upon by Plaintiff in his business transactions which resulted in pecuniary loss.

57. Plaintiff is entitled to actual and consequential damages, punitive damages, costs and attorney's fees.

## SIXTH CLAIM FOR RELIEF

## DEFENDANT'S FAILURE TO PERMIT PLAINTIFF TO WITHDRAW FUNDS IS AN INTERFERENCE WITH CONTRACT OR BUSINESS RELATIONS

58. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 57, as if fully stated herein.

59. For purposes of this claim, a contract was entered into between Plaintiff and Defendant for banking services which included, among other things, the ability to withdrawal its deposited funds.

60. Plaintiff entered into contracts with various trans-shipment agencies for purposes of shipping goods and merchandise transacted through its business.

61. Defendant had knowledge and was aware of Plaintiff's contract with these trans-shipment agencies.

62. Defendant willfully and intentionally interfered with their contract by failing to process Plaintiff's wire transfer application in a timely fashion.

63. Plaintiff has been injured in its business and property and suffered damages in the amount to be determined at trial.

64. Plaintiff is entitled to actual and consequential damages, punitive damages, costs and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

1. For Defendant's violation of the Expedited Funds Availability Act, actual and consequential damages against Defendant in the amount to be proven at trial, together with pre-judgment interest, costs and reasonable attorney's fees.

2. For Defendant's negligence for failing to timely process telegraphic funds transfer applications, breach of contract arising from Defendant's failure to act in good faith and fair dealing, Defendant's intentional infliction of emotional distress, Defendant's negligent

MSS:Civil/Takai/dep
Complaint

misrepresentation and interference of contract or business relations, and actual, consequential, and punitive damages in an amount to be proven at trial, together with pre-judgment interest, costs and reasonable attorney's fees.

3. Such further relief as the court may deem just and proper.

**DEMAND FOR JURY**

Plaintiff hereby demands a jury of six (6) in the above-entitled matter.

DATED this 21ST day of May, 2003.

Respectfully submitted,

By: _____
MARK S. SMITH
Attorney for Plaintiff,
*Takai's Enterprise*

MSS:Civil/Takai/dep
Complaint

# United States District Court

_____ DISTRICT OF _____

TAKAI'S ENTERPRISE

v.

CITIBANK, N.A. (GUAM) AND
DOES 1-10, inclusive,

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **03-00015**

TO: (Name and address of defendant)

CitiBank, N.A. (Guam)
402 East Marine Drive
Hagatna, Guam 96910

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

The Law Offices of Mark S. Smith
456 West O'Brien Drive, Suite 102-D
Hagatna, Guam 96910
Telephone: (671) 477-6631/32
Facsimile: (671) 477-8831

ACKNOWLEDGED RECEIPT

By: _[signature]_
Date: 5/22/03

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**MARY L. M. MORAN**
**Clerk Of Court**
CLERK

/s/ Walter M. Tenorio
(BY) DEPUTY CLERK

MAY 2 2 2003
DATE